**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

LUCY CIPRIANI-BURNHAM,

              Plaintiff,

vs.                                       Case No. 2:17-cv-277-FtM-JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

              Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Lucy Cipriani-Burnham ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of migraines. Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed September 7, 2017, at 82, 190. On June 12, 2012, Plaintiff filed an application for DIB, alleging an onset disability date of May 7, 2012.[2] Tr. at 169-75; see also Tr. at 217. Plaintiff's application was denied initially, see Tr. at 81, 91-96, and was denied upon reconsideration, see Tr. at 82-87, 88, 98-103.

---

       [1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed September 7, 2017; Reference Order (Doc. No. 15), entered September 14, 2017.

       [2]     Although actually completed on June 12, 2012, Tr. at 169, the protective filing date of Plaintiff's application is listed elsewhere in the administrative transcript as June 11, 2012, Tr. at 82.

On March 9, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 46-75. The ALJ issued a Decision on June 8, 2015, finding Plaintiff not disabled through the date of the Decision. Tr. at 32-40. Plaintiff requested that the Appeals Council review the ALJ's Decision. Tr. at 27-28. The Appeals Council then received additional evidence in the form of a brief authored by Plaintiff's representative. Tr. at 5-6; see Tr. at 262-63 (brief). In addition, although not part of the Appeals Council's exhibit list, the Council also reviewed nineteen pages of medical records dated January 5, 2016 through July 1, 2016. Tr. at 2; see Tr. at 8-26 (medical records). On March 21, 2017, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On May 22, 2017, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises three issues on appeal: whether the ALJ erred in discounting the opinion of then one-time treating neurologist, Randolph S. Geslani, M.D. regarding the effects of Plaintiff's migraines; whether the ALJ erred in determining at step two that Plaintiff's migraines are not severe and failed to adequately consider Plaintiff's inability to afford treatment during part of the relevant time period; and whether the Appeals Council erred in denying review in light of subsequent treatment notes from Dr. Geslani. Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 18; "Pl.'s Mem."), filed November 13, 2017, at 1-2, 9-24. On February 9, 2018, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Def.'s Mem.") addressing the issues

raised by Plaintiff. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920[4]; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step two, where the inquiry ended based on the ALJ's finding at that step. See Tr. at 34-40. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 7, 2012, the alleged onset date." Tr. at 34 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following medically determinable impairment: migraine

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

[4] All references to the Regulations are to the versions in effect in 2015 (the year of the final decision) unless otherwise noted.

headaches." Tr. at 34 (emphasis and citation omitted). The ALJ found, however, that Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, [Plaintiff] does not have a severe impairment or combination of impairments." Tr. at 34 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from May 7, 2012, through the date of th[e D]ecision." Tr. at 40 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision

reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff's first two issues are related and are addressed together, followed by Plaintiff's third issue.

### A. ALJ's Step Two Finding that Migraines are Not Severe and Discounting of Dr. Geslani's Opinion

Plaintiff challenges the ALJ's finding at step two that her migraines are not severe and the ALJ's discounting of Dr. Geslani's opinion as part of the step two finding. Pl.'s Mem. at 1, 9-21. Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, "[t]he severe impairment either must have lasted or must be

expected to last for at least 12 months." Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) (unpublished) (citing Barnhart v. Walton, 535 U.S. 212, 216 (2002)).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141. The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b); see also Davis, 186 F. App'x at 966-67.

The Regulations[5] establish a "hierarchy" among medical opinions[6] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are

---

[5] On January 18, 2017, the SSA revised the rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5844 (January 18, 2017). Because Plaintiff filed her claim before that date, the undersigned cites the rules and Regulations that were in effect on the date of the ALJ's Decision, unless otherwise noted.

[6] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

With regard to a treating physician or psychiatrist,[7] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c). Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Hargress v. Soc. Sec. Admin., Comm'r,

---

[7] A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

883 F.3d 1302, 1305 (11th Cir. 2018) (citation omitted); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records. Hargress, 883 F.3d at 1305 (citation omitted); Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence).

An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted). Moreover, the opinions of non-examining physicians, taken alone, do not constitute substantial evidence. Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985) (citing Spencer v. Heckler, 765 F.2d 1090, 1094 (11th Cir. 1985)). However, an ALJ may rely on a non-examining physician's opinion that is consistent with the evidence, while at the same time rejecting the opinion of "any physician" whose opinion is inconsistent with the evidence. Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B. 1981) (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc.

Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

Here, after the March 9, 2015 hearing before the ALJ, Plaintiff sought treatment with Dr. Geslani, a neurologist. Dr. Geslani treated Plaintiff for migraines one time, on April 16, 2015, prior to rendering an opinion that, if accepted, would have resulted in a finding of disability. See Tr. at 342-43 (treatment note), 344-48 (opinion). By contrast, the medical evidence of record dated after the May 7, 2012 alleged onset disability date but before Plaintiff established care with Dr. Geslani, documents unremarkable findings and rather benign symptoms. See Tr. at 289-329.

The ALJ received Dr. Geslani's note and opinion prior to issuing the Decision. In the Decision, the ALJ assigned Dr. Geslani's opinion "little weight" for the following reasons: 1) it was rendered "after a one-time evaluation and is based solely on [Plaintiff's] report of symptoms"; 2) "Dr. Geslani's examination was entirely normal except for [Plaintiff's] stated complaints"; 3) Dr. Geslani's treatment note reflects Plaintiff's "cognitive status was essentially normal with good memory and . . . she was functioning well"; 4) "[t]here is no evidence that any objective tests were ordered and the only objective inquiries into her headaches of record are unremarkable"; and 5) "[a]side from [Plaintiff's] stated complaints, there is little support for Dr. Geslani's assessment." Tr. at 39 (some emphasis omitted).[8] These reasons are supported by substantial evidence and amount to the requisite good

---

[8] The ALJ assigned "substantial weight" to the opinion of Edmund Molis, M.D., a non-examining state agency medical consultant, regarding Plaintiff's migraines. Tr. at 39 (emphasis omitted); see Tr. at 84-87 (Dr. Molis's opinion).

cause for discounting Dr. Geslani's opinion. In sum, Dr. Geslani's opinion, rendered after one examination, is not bolstered by the evidence; the evidence supports a contrary finding; and the opinion is, to a degree, inconsistent with Dr. Geslani's treatment note. See, e.g., Hargress, 883 F.3d at 1305 (citation omitted).[9]

As already noted, aside from Dr. Geslani's opinion, the rest of the evidence in the administrative transcript postdating the alleged onset date and predating the ALJ's Decision is unremarkable in terms of Plaintiff's migraines. See Tr. at 289-329. For this reason and all of the reasons articulated by the ALJ, Plaintiff simply failed to meet her burden at the administrative level to show that her migraines affected her ability to perform basic work activities and had lasted or could be expected to last longer than twelve months.[10] To the extent Plaintiff argues the ALJ failed to adequately take into account her lack of insurance during part of the relevant time period, the ALJ's Decision reflects satisfactory consideration of this issue. See Tr. at 36, 37. Overall, the ALJ's step two finding that Plaintiff's migraines are not severe is supported by substantial evidence.

**B. Appeals Council's Denial of Review**

Plaintiff challenges the Appeals Council's denial of review in light of new evidence that was submitted to the Council. Pl.'s Mem. at 21-24. When the Appeals Council is presented

---

[9] There is one possible inaccuracy in the ALJ's reasoning. Dr. Geslani indicated he had "read the medical records before and after the onset date of disability," Tr. at 348, suggesting that his opinion was given after reviewing all of the relevant medical evidence. The ALJ, however, relied in part on Dr. Geslani's opinion being based "solely on [Plaintiff's] report of symptoms." Tr. at 39. This possible inaccuracy does not undermine the ALJ's other stated reasons to such a degree as to require reversal.

[10] Indeed, at the time of the hearing before the ALJ, Plaintiff was working two days per week with a "temp agency." Tr. at 53. Although this obviously is not full time work or substantial gainful activity, see Tr. at 34 (ALJ finding same), it demonstrates that Plaintiff's migraines do not preclude any work.

with evidence that was not presented to the ALJ, the Appeals Council is required to consider the evidence if it is "new, material, and chronologically relevant." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.970(b)). Evidence may be chronically relevant even if it post-dates the ALJ's decision. See Washington v. Soc. Sec. Admin., Com'r, 806 F.3d 1317, 1322 (11th Cir. 2015). In Washington, for instance, the United States Court of Appeals for the Eleventh Circuit held that an examining psychologist's opinions were chronically relevant "even though [the psychologist] examined [the claimant] several months after the ALJ's decision." Id. This was because the psychologist reviewed the claimant's treatment records from the period before the ALJ's decision; because the claimant had suffered from the conditions at issue during the relevant period and "throughout his life"; and because there was "no assertion or evidence" that the claimant's condition "declined in the period following the ALJ's decision." Id. In Stone v. Social Security Administration, 658 F. App'x 551, 555 (11th Cir. 2016) (unpublished), on the other hand, the Court found the circumstances "significantly different" from those in Washington; this was in part because the new records in Stone "demonstrate[d] a worsening" of the relevant symptoms since the time of the ALJ's decision, id.

The Appeals Council "must review the case if 'the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Id. (quoting 20 C.F.R. § 404.970(b)). In the event the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. See Parks v. Comm'r, Soc. Sec. Admin., 783 F.3d 847, 852-53 (11th Cir. 2015) (citation omitted) (when "[t]he Appeals Council stated that it considered the new evidence . . . and . . . added

the evidence to the record," finding that "[t]he Appeals Council was not required to do more"); Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 785 (11th Cir. 2014).

If a claimant challenges the Appeals Council's denial, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See Mitchell, 771 F.3d at 784-85 (citing Ingram, 496 F.3d at 1262); see also Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (citation omitted) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous"). In other words, a claimant seeking remand under sentence four of 42 U.S.C. § 405(g), "must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (unpublished) (citing Ingram, 496 F.3d at 1266-67); see also Mitchell, 771 F.3d at 785.

Here, the evidence submitted to the Appeals Council consists of treatment notes authored by Dr. Geslani that are all dated after the ALJ's June 8, 2015 Decision. Indeed, as the Appeals Council noted, Tr. at 2, the notes are dated from January 5, 2016 to July 1, 2016, see Tr. at 8-26. The Appeals Council therefore denied review because the ALJ "decided [Plaintiff's] case through June 8, 2015" and "th[e] new information is about a later time," so it "does not affect the decision about whether [Plaintiff was] disabled beginning on or before June 8, 2015." Tr. at 2.[11]

---

[11] The Appeals Council advised Plaintiff, "If you want us to consider whether you were disabled after June 8, 2015, you need to apply again." Tr. at 2.

The undersigned finds that the evidence provided to the Appeals Council is not chronologically relevant to the period at issue because the evidence reflects changes in Plaintiff's condition that occurred after the ALJ's Decision. The records do not offer material, non-cumulative information regarding the relevant period. Accordingly, overall, the evidence Plaintiff submitted to the Appeals Council does not render the denial of benefits erroneous because "[t]he additional evidence was . . . not chronologically relevant, and none of it undermine[s] the substantial evidence supporting the ALJ's decision." Mitchell, 771 F.3d at 785 (citations omitted).

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence, and the Appeals Council did not err in denying review. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 10, 2018.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record